

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MJB
F. #2020R00920

*610 Federal Plaza*
*Central Islip, New York 11722*

November 18, 2020

By E-Mail and ECF

Mr. Sanford Talkin, Esq.
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place
18th Floor
New York, NY 10005
samt@talkinlaw.com

      Re:    United States v. Mark Harrington
                Criminal Docket No. 20-468 (GRB)

Dear Mr. Talkin:

      In accordance with Rule 16 of the Federal Rules of Criminal Procedure, the government is providing discovery, Production 1, via a shareable site, USA File Exchange. Specifically, the government is providing items bate-stamped HARRINGTON00001 – HARRINGTON00087. Please be advised that you must download the materials from USA File Exchange within 60 days from the date it was uploaded. The USA File Exchange is not a storage site and the materials are automatically deleted after 60 days.

      You are also invited to review additional discoverable material in-person at the United States Attorney's Office in Central Islip, New York. Please contact the undersigned at your convenience to schedule a mutually agreeable date and time for such review. Finally, the government reserves the right to further supplement the discovery and also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

    Please find enclosed:

- Defendant's written statement taken on October 6, 2020, bates-numbered HARRINGTON00001 and HARRINGTON00019.

- Chat messages, written messages and conversation from the defendant on vk.com, bates-numbered HARRINGTON00002 – HARRINGTON00012.

- Federal Bureau of Investigation ("FBI") Form 302 regarding the October 6, 2020 interview of the defendant, bates-numbered HARRINGTON00014 – HARRINGTON00016.

- FBI Form 395, Advice of Rights, <u>Miranda</u> waiver, bates-numbered HARRINGTON00020.

- FBI Form 941, Consent to Search Computers and Internet Accounts, bates-numbered HARRINGTON00021.

- FBI Form 1086, Consent to Assume Online Identity, bates-numbered HARRINGTON00022.

B. <u>The Defendant's Criminal History</u>

- The government is currently unaware of any criminal history on the part of the defendant.

C. <u>Documents and Tangible Objects</u>

Please find enclosed:

- Verizon IP subpoena response, bates-numbered HARRINGTON00013 and HARRINGTON00023.

- FBI Form 302 regarding the execution of a search warrant at 1987 Dekalb Avenue, Merrick, NY on October 6, 2020, bates-numbered HARRINGTON00017.

- FBI Form 302 regarding KiK user account "herry7714," bates-numbered HARRINGTON00018.

- Kik records associated with Kik account "herry7714," bates-numbered HARRINGTON00024 – HARRINGTON 00072.

- New York State Department of Motor Vehicle records, bates-numbered HARRINGTON00073 – 77.

- Surveillance photographs, bates-numbered HARRINGTON00078 – HARRINGTON00081.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

Please find enclosed:

- Evidence Collected Item Log, bates-numbered HARRINGTON00082 – HARRINGTON00084.

- Photographic Log, bates-numbered HARRINGTON00085 – HARRINGTON00086.

- Property Receipt, bates-numbered HARRINGTON00087.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling expert(s) at trial to testify regarding the imaging, downloading and extraction of data from electronic devices seized from the defendant's home on October 6, 2020.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications").  While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by December 20, 2020.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV. <u>Future Discussions</u>

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

        Very truly yours,

        SETH D. DuCHARME
        Acting United States Attorney

By:   /s/ Michael J. Bushwack
       Michael J. Bushwack
       Assistant U.S. Attorney
       (631) 715-7878

Enclosures

cc:    Clerk of the Court (GRB) (by ECF) (without enclosures)